```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION
```

RENAISSANCE PEN COMPANY,       )
d/b/a Michel Perchin,          )
                               )
            Plaintiff,         )
                               )
       v.                      )     No. 4:04 CV 557 DDN
                               )
KRONE, L.L.C., and             )
BOSSERT & ERHARD, KG,          )
                               )
            Defendants.        )

**MEMORANDUM**

This matter is before the court on the motion of defendant Bossert & Erhard, KG, to dismiss for lack of personal jurisdiction (Doc 36), and the motion of plaintiff Renaissance Pen Company to voluntarily dismiss defendant Bossert & Erhard without prejudice (Doc. 46), and the motion of plaintiff to withdraw its motion to dismiss Bossert & Erhard (Doc. 51). The parties have consented to the authority of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 48.) Hearings were held February 17 and March 28, 2006.

## I. Background

Plaintiff Renaissance Pen Company filed this action for copyright infringement against defendants Krone, L.L.C. and Bossert & Erhard, KG (B & E). (Docs. 1, 23.) Defendant Krone answered the amended complaint, and cross-claimed against B & E, seeking indemnification from B & E for any possible damages it may be liable for under plaintiff's claim. (Doc. 25.)

Defendant B & E did not file an answer, but instead moved to dismiss both plaintiff's and Krone's claims against it. (Doc. 36.) B & E argues that there is no basis for personal jurisdiction under Missouri's long arm statute, and that it lacks sufficient minimum contacts with Missouri. (Doc. 37 at 2.)

Plaintiff Renaissance Pen moved this court to voluntarily dismiss its claims against B & E without prejudice, arguing that, since defendant B & E has not filed an answer or a motion for summary judgment, it may do so freely without leave of court. (Doc. 46.)

Plaintiff then moved to withdraw the motion to dismiss B & E. (Doc. 51.) Renaissance Pen argues that this court can exercise jurisdiction over B & E, because it conducted business in Missouri, entered into a contract in Missouri, and committed a tort in Missouri. It also argues that B & E is subject to jurisdiction under Federal Rule of Civil Procedure 4(k)(2).

## Discussion
### I. Plaintiff's motion to dismiss

Plaintiff moved to dismiss its claims against B & E, then moved to withdraw this motion, arguing that the parties are trying to work out their discovery issues, and because a lack of discovery was why it moved to dismiss B & E initially.

As such, this court will sustain plaintiff's motion to withdraw its motion to dismiss B & E.

### II. Defendant B & E's motion to dismiss

Defendant B & E moved to dismiss all of the claims against it for lack of personal jurisdiction. B & E argues that the court does not have jurisdiction over it for purposes of plaintiff's claims, and, therefore, cannot exercise jurisdiction over it for purposes of defendant Krone's cross-claim. (Doc. 36.) Defendant Krone has not responded to this motion, but did participate in the hearing.

#### A. General Standard

"Where a federal court's subject matter jurisdiction over a case arises from the existence of a federal question,[1] the court may exercise personal jurisdiction over a defendant if the plaintiff has properly served the defendant with process under the forum state's long-arm statute and if the defendant has sufficient contacts with the forum

---

[1]The court has subject matter jurisdiction over this matter because the plaintiff seeks relief for copyright infringement. See 28 U.S.C. § 1338 ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks.").

state to satisfy procedural due process." Enterprise Rent-A-Car Co. v. U-Haul Int'l, Inc., 327 F. Supp. 2d 1032, 1036 (E.D. Mo. 2004); Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104-05 (1987). The plaintiff bears the ultimate burden of proof on the issue of jurisdiction, but jurisdiction need not be proved by a preponderance of the evidence until trial or until the court holds an evidentiary hearing. Epps v. Stewart Info. Servs. Corp., 327 F.3d 642, 642 (8th Cir. 2003). To defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party need only make a prima facie showing of jurisdiction. Watlow Elec. Mfg. Co. v. Patch Rubber Co., 838 F.2d 999, 1000 (8th Cir. 1988); Falkirk Mining Co. v. Japan Steel Works, Ltd., 906 F.2d 369, 373 (8th Cir. 1990). The district court must consider the facts contained in the pleadings and affidavits in the light most favorable to the nonmoving party, Watlow Elec. Mfg., 838 F.2d at 1000, and resolve all factual conflicts in favor of that party. Lakin v. Prudential Secs., Inc., 348 F.3d 704, 706 (8th Cir. 2003); Romak USA, Inc. v. Rich, 384 F.3d 979, 983 (8th Cir. 2004).

**B. Missouri Long-Arm Statute**

The Missouri long-arm statute provides, in relevant part:

1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:

   (1)  The transaction of any business within this state;

   (2)  The making of any contract within this state;

   (3)  The commission of a tortious act within this state;

   \* \* \*

   3.  Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.

Mo. Rev. Stat. § 506.500 (2003).

The Missouri Supreme Court has declared that, when the Missouri legislature enacted the long-arm statute, its "ultimate objective was to extend the jurisdiction of the courts of this state over nonresident defendants to that extent permissible under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States." State v. Pinnell, 454 S.W.2d 889, 892 (Mo. 1970) (en banc). Therefore, the long-arm statute is broadly construed to reach as far as due process will allow. Clune v. Alimak AB, 233 F.3d 538, 541 (8th Cir. 2000); Fairbanks Morse Pump Corp. v. Abba Parts, Inc., 862 F.2d 717, 719 (8th Cir. 1988).

Plaintiff argues that B & E conducted business, entered into a contract, and committed a tort in Missouri. This court finds that, even if defendant may have committed a tort for purposes of the long arm statute, B & E's contacts fail to fulfill the requirements of due process.

The record indicates that, when conducting business with plaintiff, B & E never physically visited Missouri, and all face-to-face meetings took place in Europe. B & E never solicited business from plaintiff. An order for pens was faxed from the United Kingdom to B & E's offices in Germany. B & E did fax a letter to Missouri requesting confirmation of the pen order, and mailed letters, but these actions do not rise to the level of doing business in the State of Missouri, when all other dealings took place in Europe. See Johnson Heater Corp. v. Deppe, 86 S.W.3d 114, 120 (Mo. Ct. App. 2002) (use of mail, telephone, or fax, without more, does not constitute transacting business).

Further, B & E did not conduct business with Krone in Missouri. Defendant Krone is a corporation organized under Illinois law, with its principal place of business in Illinois. Defendant B & E is a foreign corporation, with its principal place of business in Muehlacker, Germany. Therefore, without evidentiary support, this court will not assume the two parties did business in Missouri.

Further, B & E did not enter into a contract in Missouri. Renaissance Pen argues that B & E entered into a contract for purposes of the Missouri long-arm statute, because it entered into a contract with a Missouri corporation, and that the contract is governed by

-4-

Missouri law. "A contract which has been accepted in Missouri is deemed to have been made in Missouri for purposes of jurisdiction under the Missouri long-arm statute." Peabody Holding Co. v. Costain Group, PLC, 808 F. Supp. 1425, 1433 (E.D. Mo. 1992). "[A]cceptance, therefore, is equivalent to the "final act" of contract formation necessary to show the contract was indeed made in Missouri." Laser Vision Centers, Inc. v. Laser Vision Centers Intern., SpA, 930 S.W.2d 29, 32 (Mo. Ct. App. 1996). Entering into a contract with a Missouri corporation or a contract governed by Missouri law is not enough to satisfy the long-arm statute. B & E argues, and plaintiff does not dispute, that the contract was accepted in Germany where the pens were manufactured; therefore, B & E did not enter into a contract in Missouri for purposes of the Missouri long arm statute.

Renaissance Pen also argues that B & E committed a tort in Missouri, because the effects of the alleged copyright infringement were felt in Missouri, where plaintiff resides. (Doc. 53 at 9.) B & E argues that mere consequences in Missouri are not enough to satisfy the tort requirement of the long arm statute. (Doc. 55 at 6.)

In order to satisfy the tort arm of the Missouri long-arm statute, plaintiff must show that B & E committed a tort in Missouri and that this action caused plaintiff's injuries. Hollinger v. Sifers, 122 S.W.3d 112, 116 (Mo. Ct. App. 2003); Wray v. Wray, 73 S.W.3d 646, 651 (Mo. Ct. App. 2002).

The damages from copyright infringement occur where the owner of the copyright suffers damage. Salton, Inc. v. Philips Domestic Appliances & Personal Care B.V., 391 F.3d 871, 877 (7th Cir. 2004) ("federal statutory tort of copyright infringement"); Dakota Industries, Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1388 (8th Cir. 1991). "In order to prevail on a copyright-infringement claim, [plaintiff] must be able to prove that it owns valid copyrights in the works infringed, and that [B & E] copied those works." Taylor Corp. v. Four Seasons Greetings, Inc., 315 F.3d 1039, 1042 (8th Cir. 2003). Here, plaintiff has pled that it has a valid copyright in certain pen designs, and that B & E copied the designs and sold infringing pens to Krone. (Doc. 21.)

-5-

However, this does not end the inquiry, because plaintiff must show that defendant has minimum contacts with the State of Missouri.

### C. Minimum Contacts Under the Due Process Clause

"Jurisdiction is appropriate only where a defendant has sufficient 'minimum contacts' with the forum state that are more than random, fortuitous, or attenuated, such that summoning the defendant would not offend traditional notions of fair play and substantial justice." Pecoraro v. Sky Ranch for Boys, Inc., 340 F.3d 558, 561 (8th Cir. 2003) (quoting Digi-Tel Holdings, Inc. v. Proteq Telecommunications, Ltd., 89 F.3d 519, 522 (8th Cir. 1996)). "The central question is whether a defendant has purposefully availed itself of the privilege of conducting activities in the forum state and should, therefore, reasonably anticipate being haled into court there." Id. at 562.

The Eighth Circuit considers five factors when determining whether the exercise of jurisdiction would violate due process.

> We have established a five-factor test--the first three factors being the most important--to determine the sufficiency of the defendant's contacts. Those five factors are: (1) the nature and quality of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties.

Epps v. Stewart Information Services Corp., 327 F.3d 642, 648 (8th Cir. 2003).

"To commit a tortious act in Missouri, it is not necessary that the tortfeasor was actually present in Missouri, but only that the extra-territorial acts have consequences in the forum." Peabody Holding Co., 808 F. Supp. at 1433. However, "a plaintiff may not invoke tortious long-arm jurisdiction consistent with due process where the non-resident defendant had no contact with Missouri besides the extraterritorial acts having consequences in Missouri." Id. at 1437; see also Insituform Tech., Inc. v. Reynolds, Inc., 398 F. Supp. 2d 1058, 1066 (E.D. Mo. 2005). When a defendant telephones, faxes, or sends mail into Missouri to complete his alleged tortious acts, the exercise of

-6-

jurisdiction does not offend fair play and substantial justice. Insituform, 398 F. Supp. 2d at 1067.

Here, defendant B & E did not have any other contact with Missouri besides the alleged extraterritorial acts having consequences in Missouri. B & E's contacts with Missouri, if any, are so few and random that it could not anticipate being haled into court in this jurisdiction. There are no facts that show defendant B & E had any contacts with Missouri in connection with plaintiff's claim or Krone's cross-claim. B & E never had any representative present in Missouri, all business meetings in conjunction with its relationship with plaintiff were done in Europe, it never solicited business in Missouri, and it has no agents in Missouri.

The only connections with Missouri B & E had in connection with either the claims by plaintiff or Krone were its shipment of pens into Missouri, and two letters mailed to plaintiff. (Doc. 37 at 8.) These actions were not in furtherance of the alleged copyright infringement. These contacts do not rise to the level required for this court to exercise personal jurisdiction over B & E. See Scullin Steel Co. v. Nat'l Railway Utilization Corp., 676 F.2d 309, 312 (8th Cir. 1982) (when all negotiations took place outside Missouri, no personnel of defendant visited Missouri, defendant was not authorized to do business in Missouri, defendant owns no property in Missouri, and has no agent of service in Missouri, the court has no personal jurisdiction over that defendant).

B & E maintains a website, which Renaissance Pen argues is available for Missouri residents to look at and buy items from. B & E argues that this website is not a "virtual store" and at most, five or six United States residents, none of which are known to be from Missouri, have registered with the website and inquired about pens, but none have purchased pens. (Doc. 55 at 6.) The website, therefore, is not sufficient to satisfy personal jurisdiction, because it is not possible to place an order over the website,[2] and it is uncertain how

---

[2]From the facts in the record, the website maintained by B & E is not a site from which people can directly order pens. Persons looking at the site cannot peruse the various products B & E offers, and purchase

-7-

many people in Missouri used the site.  See Enterprise Rent-A-Car Co. v. Stowell, 137 F. Supp. 2d 1151, 1158 (E.D. Mo. 2001) (noting that inability to order directly from website and lack of evidence that anyone from Missouri had looked at the site "did not suffice to establish personal jurisdiction.") (discussing Uncle Sam's Safari Outfitters, Inc. v. Uncle Sam's Army Navy Outfitters-Manhattan, Inc., 96 F. Supp. 2d 919, 922-23 (E.D. Mo. 2000)).

For these reasons, the court finds that it would violate due process to exercise personal jurisdiction over defendant B & E.

### D. Federal Rule of Civil Procedure 4(k)(2)

Plaintiff also argues that this court may exercise personal jurisdiction over B & E under Federal Rule of Civil Procedure 4(k)(2). Federal Rule of Civil Procedure 4(k)(2) "grants a district court the statutory power to exercise jurisdiction over a foreign defendant when authorized by federal statute, or where foreign defendants, party to a suit pursuant to federal law, are not subject to personal jurisdiction in any state." Goss Graphic Systems v. Man Roland Druckmaschinen Aktiengesellschaft, 139 F. Supp. 2d 1040, 1064-65 (N.D. Iowa 2001). "Rule 4(k)(2) thus permits a federal court to exercise personal jurisdiction over a defendant (1) for a claim arising under federal law, (2) where a summons has been served, (3) if the defendant is not subject to the jurisdiction of any single state court, (4) provided that the exercise of federal jurisdiction is consistent with the Constitution (and laws) of the United States." Mwani v. bin Laden, 417 F.3d 1, 10 (D.C. Cir. 2005).

Here, the exercise of jurisdiction is not consistent with the Constitution. Defendant does not have the minimum contacts with any state, nor the United States as a whole, required to satisfy personal jurisdiction. Krone and Renaissance Pen were B & E's only two clients in the United States, and as above, its contacts with those two parties

---

directly from the website by entering credit card or other billing information.  At most, people interested in the pens can enter their address information to request more information about ordering pens. (Doc. 55 at 5-6.)

were not enough to satisfy minimum contacts. It had no other business dealings with any other clients in the United States. Therefore, the exercise of personal jurisdiction over B & E would not be consistent with the Constitution. See Mwani, 417 F.3d at 10.

Therefore, the motion of plaintiff to withdraw its motion to dismiss is sustained, and the motion of B & E to dismiss the claims against it for lack of personal jurisdiction is sustained. An order in accordance with this memorandum is issued herewith.

/s/ David D. Noce

**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on April 11, 2006.