```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                        EASTERN DIVISION

RENAISSANCE PEN COMPANY,         )
d/b/a Michel Perchin,            )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    No. 4:04 CV 557 DDN
                                 )
KRONE, LLC, and                  )
BOSSERT & ERHARD, KG,            )
                                 )
          Defendants.            )
```

## **MEMORANDUM AND ORDER**

This matter is before the court on the motion of defendant Krone, LLC, to vacate the court's previous order and to transfer this case to the Northern District of Illinois. (Doc. 58.) The parties have consented to the authority of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 48.)

## **Background**

Plaintiff Renaissance Pen Company filed this action for copyright infringement against defendants Krone, LLC (Krone) and Bossert & Erhard, KG (B & E). (Docs. 1, 23.) Defendant Krone cross-claimed against B & E, seeking indemnification from B & E for any possible damages for which it may be liable under plaintiff's claim. (Doc. 25.) Plaintiff is a marketer of pens and is a resident of Missouri. Defendant Krone is also a marketer of pens and is a resident of Illinois. B & E is a manufacturer of pens and is a resident of Germany. On April 11, 2006, the court dismissed defendant B & E for lack of personal jurisdiction. (Doc. 57.)

The remaining defendant, Krone, moves to vacate the order dismissing B & E, and to transfer this case to the Northern District of Illinois. In the alternative, Krone seeks dismissal of all remaining claims against it. (Doc. 58.) Krone argues that venue is proper in the Northern District of Illinois, the interest of justice is served by transferring the case because the Northern District of Illinois can exercise personal jurisdiction over B & E, and B & E is a necessary party to this action. In the alternative, Krone moves to dismiss this

action, because it cannot proceed without a necessary party pursuant to Federal Rule of Civil Procedure 19.

B & E and plaintiff Renaissance Pen argue that Krone's motion is really one for reconsideration, and, therefore, is untimely. Further, they argue that Krone should have raised these issues previously in response to B & E's motion to dismiss and, because Krone failed to respond, these arguments are waived. They further contend that the Northern District of Illinois does not have personal jurisdiction over B & E, and, therefore, transferring the case would be futile.

## Discussion
### A. Motion to Vacate Order

Federal Rule of Civil Procedure 60(b) allows a party to move the court to vacate a previous order if certain conditions are met. Fed. R. Civ. P. 60(b). Rule 60(b) provides, in relevant part:

> b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding <u>for the following reasons</u>: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

<u>Id.</u> (emphasis added). "A district court should grant a Rule 60(b) motion 'only upon an adequate showing of exceptional circumstances.'" <u>Richards v. Aramark Services, Inc.</u>, 108 F.3d 925, 927 (8th Cir. 1997) (quoting <u>United States v. One Parcel of Property Located at Tracts 10 & 11 of Lakeview Heights</u>, 51 F.3d 117, 120 (8th Cir. 1995)). The motion must be filed within a reasonable time, and no longer than one year after the order. <u>Lowry v. McDonnell Douglas Corp.</u>, 211 F.3d 457, 460 (8th Cir. 2000).

Defendant Krone does not argue that any of the six circumstances listed in Rule 60(b) are present in the instant case to justify vacating the earlier order. Krone argues only that the court should vacate its earlier order dismissing B & E, and transfer the case to a forum that could exercise jurisdiction over B & E. When B & E's motion to dismiss was pending before this court, Krone never filed a response arguing that transfer, in lieu of dismissal, was appropriate. Krone had ample time to address the issue of whether B & E was subject to personal jurisdiction in this court, or whether the case should have been transferred. Despite being given ample time, including extensions, to brief the issue, Krone never responded to B & E's motion to dismiss, either in support or in opposition. Now is not the time to argue the court should not have dismissed B & E. Therefore, this court will deny Krone's motion to vacate the order of April 11, 2006 (Doc. 57).[1]

### B.  Motion to Transfer

Defendant also moves to transfer this case to the Northern District of Illinois, pursuant to 28 U.S.C. § 1406, because venue is not proper in the Eastern District of Missouri. Because this court has not vacated its earlier order that dismissed defendant B & E, the only parties are Krone and Renaissance. Krone argues that venue is improper in this district because former defendant B & E is not subject to personal jurisdiction here. But B & E is no longer a party in this case; the

---

[1] B & E and Renaissance Pen argue that Krone's motion should be treated as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). Therefore, they argue, the motion is untimely because it was filed more than 10 days after the entry of the judgment. See Fed. R. Civ. P. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.").

This argument is without merit, because this court entered an order, not a judgment. A judgment is defined as "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). An order dismissing some, but not all, of the defendants for lack of personal jurisdiction is not an appealable order, and therefore, not a judgment. Bullock v. Baptist Memorial Hosp., 817 F.2d 58, 59 (8th Cir. 1987) (no express language that order was judgment); see Fed. R. Civ. P. 54(b).

-3-

parties before the court are plaintiff Renaissance, a corporate citizen of Missouri, and defendant Krone, a corporate citizen of Illinois.

28 U.S.C. § 1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a). In actions for copyright infringement, like the instant case, civil cases may be "instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). While defendant Krone is a citizen of Illinois, it "may be found" wherever it is subject to personal jurisdiction. <u>Denenberg v. Ruder</u>, 2006 WL 379614 at, *4 (D. Neb. 2006).

This court must determine whether Krone is subject to personal jurisdiction in this court to determine whether venue is proper here. When determining whether this court has jurisdiction over a non-resident defendant, this court must first determine whether the requirements of Missouri's long-arm statute are met, and then ensure that the exercise of personal jurisdiction over Krone would not violate due process. Krone does not argue in this motion that this court does not have personal jurisdiction over it; however, it does raise lack of personal jurisdiction as an affirmative defense in its answer (Doc. 12 at 4; Doc. 25 at 4); <u>see</u> Fed. R. Civ. P. 12(h) (defense of personal jurisdiction waived if not included in responsive pleading).

### i. Missouri Long-Arm Statute

The Missouri long-arm statute provides, in relevant part:

> 1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:
>
> (1) The transaction of any business within this state;
>
> (2) The making of any contract within this state;

-4-

>      (3)  The commission of a tortious act within this state;
>
>                           *   *   *
>
>      3.   Only causes of action arising from acts enumerated in
>      this section may be asserted against a defendant in an action
>      in which jurisdiction over him is based upon this section.

Mo. Rev. Stat. § 506.500 (2003).

The Missouri Supreme Court has declared that, when the Missouri legislature enacted the long-arm statute, its "ultimate objective was to extend the jurisdiction of the courts of this state over nonresident defendants to that extent permissible under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States." State v. Pinnell, 454 S.W.2d 889, 892 (Mo. 1970) (en banc). Therefore, the long-arm statute is broadly construed to reach as far as due process will allow. Clune v. Alimak AB, 233 F.3d 538, 541 (8th Cir. 2000); Fairbanks Morse Pump Corp. v. Abba Parts, Inc., 862 F.2d 717, 719 (8th Cir. 1988).

Plaintiff alleges Krone committed a tortious act within Missouri. In order to satisfy the tort arm of the Missouri long-arm statute, Krone must have committed a tort in Missouri and that tortious action must have caused plaintiff's injuries. Hollinger v. Sifers, 122 S.W.3d 112, 116 (Mo. Ct. App. 2003); Wray v. Wray, 73 S.W.3d 646, 651 (Mo. Ct. App. 2002). The tort of copyright infringement occurs where the owner of the copyright suffers damage. Salton, Inc. v. Philips Domestic Appliances & Personal Care B.V., 391 F.3d 871, 877 (7th Cir. 2004) ("federal statutory tort of copyright infringement"), cert. dism'd, 125 S. Ct. 2992 (2005); Dakota Industries, Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1388 (8th Cir. 1991).

"In order to prevail on a copyright-infringement claim, [plaintiff] must be able to prove that it owns valid copyrights in the works infringed, and that [Krone] copied those works." Taylor Corp. v. Four Seasons Greetings, LLC, 315 F.3d 1039, 1042 (8th Cir. 2003). Here, plaintiff has pled that it has a valid copyright in certain pen designs, and that Krone infringed on its copyright by selling these pens to consumers. (Doc. 21.) Plaintiff, a Missouri resident, suffered damage in Missouri, where it is located. Further, plaintiff alleges Krone sold

the infringing pens in Missouri, which Krone has not disputed. However, this does not end the inquiry, because plaintiff must show that defendant has minimum contacts with the State of Missouri.

### ii. Minimum Contacts Under the Due Process Clause

"Jurisdiction is appropriate only where a defendant has sufficient 'minimum contacts' with the forum state that are more than random, fortuitous, or attenuated, such that summoning the defendant would not offend traditional notions of fair play and substantial justice." Pecoraro v. Sky Ranch for Boys, Inc., 340 F.3d 558, 561 (8th Cir. 2003) (quoting Digi-Tel Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd., 89 F.3d 519, 522 (8th Cir. 1996)). "The central question is whether a defendant has purposefully availed itself of the privilege of conducting activities in the forum state and should, therefore, reasonably anticipate being haled into court there." Id. at 562.

The Eighth Circuit considers five factors when determining whether the exercise of jurisdiction would violate due process.

> We have established a five-factor test--the first three factors being the most important--to determine the sufficiency of the defendant's contacts. Those five factors are: (1) the nature and quality of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties.

Epps v. Stewart Information Services Corp., 327 F.3d 642, 648 (8th Cir. 2003).

Defendant need not have ever been present in Missouri when committing the tort for personal jurisdiction to be found if it committed extra-territorial acts having consequences in Missouri. Peabody Holding Co., Inc. v. Costain Group PLC, 808 F. Supp. 1425, 1433 (E.D. Mo. 1992). However, "a plaintiff may not invoke tortious long-arm jurisdiction consistent with due process where the non-resident defendant had no contact with Missouri besides the extraterritorial acts having consequences in Missouri." Id. at 1437; see also Insituform Tech., Inc. v. Reynolds, Inc., 398 F. Supp. 2d 1058, 1066 (E.D. Mo. 2005).

-6-

Here, even though there are no facts that Krone was actually present in Missouri, its contacts are more than just extra-territorial acts whose damage was felt in Missouri. Krone allegedly sold the alleged infringing pens to customers in Missouri. This, coupled with the tortious conduct whose damage was felt in Missouri, makes the exercise of personal jurisdiction over Krone proper. Thus, Krone can be "found" in the Eastern District of Missouri. Venue is proper in this district, and transfer is not warranted.

Defendant Krone argues, in the alternative, that this court should dismiss the claims against it because B & E is a necessary party under Federal Rule of Civil Procedure 19. It argues that complete relief cannot be obtained between it and Renaissance Pen, and that it is at risk of incurring double or inconsistent liability. (Doc. 59.)

Federal Rule of Civil Procedure 19 "governs when joinder of a particular person is compulsory." <u>Gwartz v. Jefferson Memorial Hosp. Ass'n</u>, 23 F.3d 1426, 1428 (8th Cir. 1994). The court must first determine whether the excluded party is necessary. <u>Id.</u> If B & E is not a necessary party under Rule 19(a), it is not necessary to determine whether it is an indispensable party under Rule 19(b).

Federal Rule of Civil Procedure 19(a) provides, in relevant part:

> A person . . . shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a).

Here, B & E is not a necessary party to this action. Complete relief can be accorded those already parties to this action, Renaissance Pen and Krone. This court could determine that Krone sold pens that infringed upon plaintiff's copyright without B & E as a party. Complete relief can be obtained.

Further, B & E has no interest in this action. Indeed, it moved to dismiss itself from this action. And in any event, Krone can fully

defend itself and does not face the risk of multiple liability. It either did, or did not, infringe upon plaintiff's copyright. Any claim it may have against B & E, if found liable to Renaissance, does not subject it to a risk of inconsistent results. At most, defendant Krone and B & E are joint tortfeasors, and joint tortfeasors are not necessary parties under Rule 19. Temple v. Synthes Corp., Ltd., 498 U.S. 5, 7 (1990).

Therefore,

**IT IS HEREBY ORDERED** that the motion of defendant Krone for transfer, or in the alternative, to dismiss (Doc. 58) is denied.

_____
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on July 26, 2006.